UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-cv-22173-MGC

In re:
DONALD ALAN TOBKIN,

    Debtor.
_____/

DONALD ALAN TOBKIN,

    Appellant,
v.

STATE OF FLORIDA
DEPARTMENT OF REVENUE,

    Appellee.
_____/

## ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

THIS MATTER is before me on appeal from the United States Bankruptcy Court for the Southern District of Florida. Appellant Donald Alan Tobkin appeals the Bankruptcy Court's Order Allowing Claims. I have reviewed Appellant's Initial Brief (ECF No. 8) and Reply Brief (ECF No. 16), Appellee's Answer Brief (ECF No. 11), and the relevant legal authorities. For the reasons provided herein, the Bankruptcy Court's Order is affirmed.

### I. INTRODUCTION

When spouses separate, they often incur continuing financial obligations to one another arising from alimony, maintenance, child support, property settlements, assumption of marital debts, and the like. It has long been the policy of the Bankruptcy Code to protect dependent spouses and children from spouses who attempt to have such support obligations discharged through bankruptcy. *Wetmore v. Markoe*, 196 U.S. 68 (1904). This policy was reaffirmed in the 1978 Bankruptcy Code. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") expanded and extended this protection to inter-spousal obligations.

In the case at hand, Appellant appeals the Bankruptcy Court's decision to allow the Florida Department of Revenue ("DOR") to file, as Domestic Support Obligations ("DSO"), claims on pre-petition debts of child support and alimony owed by Appellant in amounts set forth by separate state court orders. (ECF No. 2-2 at 87). Appellant asserts that the Bankruptcy Court erred in allowing the DOR to bring these alimony and child support claims as priority, nondischargeable DSO claims. (ECF No. 8 at 2). However, the orders from which Appellant appeals only address whether the claims are allowable claims, not whether the claims are dischargeable. (ECF No. 1 at 2-3). Consequently, I will not address any issues relating to the priority or dischargeability of the DSO claims, as those issues are not properly before me.

## II. STATEMENT OF FACTS

Appellant Donald Alan Tobkin, M.D., J.D., filed for bankruptcy, *pro se*, under Chapter 13 of the Bankruptcy Code ("Code"). (ECF No. 2-1 at 2). Proofs of claim were subsequently filed in Appellant's bankruptcy proceedings by Marilyn Byrd (Appellant's former wife) and the DOR (ECF No. 11 at 1), for DSOs owed by Appellant related to past due child support and alimony. (ECF No. 2-2 at 87). Consequently, Appellant filed numerous adversary proceedings and objections to the DSO claims, generally arguing that he was not responsible for any outstanding DSOs. (ECF No. 2-1).

During the course of the Chapter 13 proceedings, Appellant was unable to present the Bankruptcy Court with a confirmable Chapter 13 plan. (ECF No. 11 at 1). Therefore, the DOR, "with the support of other creditors," requested that the Bankruptcy Court convert Appellant's Chapter 13 case into a Chapter 7 case, as that would be "in the best interest of creditors." (*Id.*). Appellant argued that the DOR did not have standing to bring such a motion. (*Id.*) However, on February 23, 2012, the Bankruptcy Court ruled that the DOR did indeed have standing to make such a motion, and it entered an order converting Appellant's Chapter 13 case into a Chapter 7 case. (ECF No. 2-1 at 27).

The Bankruptcy Court also heard Appellant's objections to claims and held adversary proceedings on the DSO claims. (*Id.* at 22). Thereafter, the Bankruptcy Court entered an order referring the dispute concerning the value of the outstanding DSO claims to the Circuit Court of the Ninth Judicial Circuit, for Orange County, Florida for a valuation. (*Id.* at 28). Additionally, the Bankruptcy Court found that the claims of Marilyn

Byrd and the DOR represented the same obligations; therefore, the court only entered one order, under which the DOR took on the responsibility of defending all outstanding DSO claims. (ECF No. 11 at 2).

Once the state trial court determined the value of Appellant's DSO, the DOR filed a Renewed Motion to Allow Claims in Accordance With State Court Order Establishing Domestic Support Obligations. (ECF No. 2-1 at 87). The DOR's motion requested that the DSO claims be allowed into the bankruptcy proceedings in the amounts calculated by the state court in prior proceedings. (ECF No. 11 at 2). The DOR only filed its motion to allow the DSO claims in the bankruptcy proceedings after both the Circuit Court of the Ninth Judicial Circuit, for Orange County, Florida and Florida's Fifth District Court of Appeals entered final orders on the DSO issue, and the time to appeal further had run out. (*Id.*). Nevertheless, Appellant filed amended objections to the value determinations of the state court with the Bankruptcy Court. (ECF No. 2-1 at 97).

On January 7, 2014, the Bankruptcy Court entered protective orders in light of the DOR's motions seeking protection from Appellant's discovery requests on issues that the State Court's orders had already resolved. (*Id.* at 103). Ultimately, the Bankruptcy Court determined that Appellant's "failure to timely appeal the State Court orders made those rulings final orders subject to collateral estoppel and/or res judicata" (ECF No. 11 at 2-3). The Bankruptcy Court then granted the DOR's motion to allow its DSO claims. (ECF No. 2-1 at 103).

Appellant filed a motion to alter, amend, and or vacate the order allowing the DSO claims with the Bankruptcy Court. (ECF No. 1 at 2). The Bankruptcy Court granted Appellant's motion in part, but allowed the DOR to pursue its DSO claims. Appellant now appeals from the orders of the Bankruptcy Court allowing the DOR to pursue its DSO claims in Appellant's bankruptcy proceedings. (*Id.*).

### III. ISSUES

Appellant argues that the DSO claims are fraudulent and should be disallowed for two reasons. First, Appellant argues that he does not owe any alimony because his former wife is "a healthy 40 year old licensed registered nurse and attorney" who remarried "immediately after the Tobkin divorce." (ECF No. 8 at 6). Hence, he argues that the underlying alimony claim is fraudulent and the DOR lacks standing to bring such a claim.

Second, Appellant argues that he has "no legal duty to support an *adult* child." (*Id.* at 8) (emphasis added). Therefore, he argues that the DOR lacks standing to pursue past-due child support claims because his children are no longer minors. He also argues, in the alternative, that only his children have the right to pursue child support claims, and since his children have not authorized the DOR to file such claims on their behalf, the DOR lacks standing to do so. (*Id.* at 8).

## IV. STANDARD OF REVIEW

This Court, sitting as an appellate court, reviews a Bankruptcy Court's conclusions of law de novo. *See In re Chase & Sandborn Corp.*, 904 F.2d 588, 593 (11th Cir. 1990); *In re Simmons*, 200 F.3d 738, 741 (11th Cir. 2000). However, a Bankruptcy Court's findings of fact are upheld unless they are clearly erroneous. *See Id*. Further, the district court is not authorized to make independent factual findings, as that is the function of the Bankruptcy Court. *See In re Colortex, Industries, Inc.,* 19 F.3d 1371, 1374 (11th Cir. 1994). The Bankruptcy Court's equitable determinations are reviewed under an abuse of discretion standard. *See In re Red Carpet Corp. of Panama City Beach*, 902 F.2d 883, 890 (11th Cir. 1990).

## V. DISCUSSION

**A. The Florida Department of Revenue Has Standing to Pursue Enforcement and Collection of Domestic Support Obligations**

A claim in bankruptcy involves a liability of the debtor, which includes "any right to payment, *whether or not reduced to judgment* . . ." 11 U.S.C. § 101(5) (emphasis added). The term "domestic support obligation" is defined by section 101(14A) of the Bankruptcy Code as "a debt that accrues before, on, or after the date of the order for relief in a case under this title" that is "owed to or recoverable by—a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or a governmental unit." 11 U.S.C. § 101(14A). An explanation of the practical meaning of the term "domestic support obligation" can be found in the legislative history of the BAPCPA:

> As defined in the Act, the term includes a debt owed to or recoverable by: (1) a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative; or (2) a governmental unit. To qualify as a domestic support obligation, the debt must be in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit), without regard to whether such debt is expressly so designated. It must be established or subject to establishment before, on, or after the date of the

4

> order of relief pursuant to: (1) a separation agreement, divorce decree, or property settlement agreement; (2) an order of a court of record; or (3) a determination made in accordance with applicable nonbankruptcy law by a governmental unit.

H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 59 (2005). In this appeal, the pre-petition debts at issue involve amounts owed by a former spouse that are recoverable by a governmental unit. Thus, they represent rights to payment that were properly classified as claims by the Bankruptcy Court.

The DOR has standing to enforce and collect support obligations "when the obligor has failed to make support payments and the DOR is called upon by the custodial parent to assist in enforcing a child support order." *See Dep't of Revenue v. McLeod*, 96 So. 3d 443, 444 (Fla. 1st DCA 2012). The record reflects that Appellant's former wife called upon the DOR to assist her in collecting arrearages owed by Appellant. (ECF No. 2-2 at 85). In other words, Appellant's former wife became his creditor as a result of outstanding child support obligations, and she asked the DOR to assist her in collecting on that debt.

Under § 501 of the Bankruptcy Code, any creditor may file a claim in a debtor's bankruptcy proceeding. 11 U.S.C. § 501(a). The Code defines a creditor as "an entity who has a claim against the debtor." 11 U.S.C. § 101(10). Under paragraph (A), only holders of claims that arose prior to the commencement of the bankruptcy case are considered to be creditors. *Id.* Therefore, a creditor is generally defined as a holder of one or more pre-petition claims against the debtor. *Id.* This definition includes a broad spectrum of persons who can be considered "creditors" of the debtor, including the DOR. It is clear that the DOR is a creditor of the debtor here, Donald Alan Tobkin, and legally brought a claim in his bankruptcy proceedings pursuant to Fla. Stat. §§ 409.2554(1), 409.2557(1) (designating the DOR "as the state agency responsible for the administration of the child support enforcement program, Title IV-D of the Social Security Act, 42 U.S.C. ss. 651 et seq."). The DORs authority includes, but is not limited to, the "enforcement, and *collection* of support obligations." Fla. Stat. § 409.2557 (emphasis added); *see McLeod*, 96 So. 3d at 446 (holding that "[i]n Florida, [the] DOR is the agency charged with performing these statutorily-required tasks.").

Appellant argues that the Bankruptcy Court erred in allowing the DOR to file a claim for outstanding child and spousal support because neither his former spouse nor the

DOR had standing to file such claims; only his children could file such a claim, and they had not done so. (ECF No. 8). Appellant cites to *Lawrence v. Hershey,* 890 So. 2d 350 (Fla. 4th DCA 2004), in support of his position that neither his former wife nor the DOR has standing. (*Id.*) However, that case is wholly inapplicable to the case at hand because it relates to the support of an incapacitated adult. It has nothing to do with arrearages, but instead with the future support of an adult child. *See id.* at 351 (appealing "the trial court's dismissal of [a mother's] paternity suit in which she sought child support for her adult autistic child.").

Thus, the Bankruptcy Court did not err in holding that the DOR has standing to file DSO claims in Appellant's bankruptcy proceedings. Furthermore, even had the Bankruptcy Court committed error in allowing the DOR to bring these claims, Appellant's arguments as to standing would still fail because Appellant failed to timely appeal the Bankruptcy Court's determination regarding the DORs standing in a prior proceeding. The Bankruptcy Court held a hearing on the DOR's Motion to Convert Chapter 13 Case to Chapter 7 (ECF No. 2-1 at 22) on February 22, 2012, wherein Appellant made the same arguments regarding standing presented in this appeal. (ECF No. 11 at 6). On February 23, 2012, the Bankruptcy Court entered an Order granting the DOR's motion converting Appellant's bankruptcy from a Chapter 13 case into a Chapter 7 case. (ECF No. 2-1 at 27). That order was a final order from which the Appellant had a right to appeal. *See Rosson v. Fitzgerald* (*In re Rosson*), 545 F.3d 764, 768 (9th Cir. 2008) (citing *Allen v. Old Nat'l Bank of Wash.* (*In re Allen*), 896 F.2d 416, 418 (9th Cir. 1990) (per curiam) ("Bankruptcy orders that determine and seriously affect substantial rights can cause irreparable harm if the losing party must wait until bankruptcy court proceedings terminate before appealing.")). However, Appellant failed to appeal the Bankruptcy Court's order, and the time to do so has long since passed.

### B. Dispute Concerning Appellant's Domestic Support Obligations Resolved By State Court

Once the DOR filed its DSO claim in Appellant's bankruptcy, Appellant filed several objections (ECF No. 2-1 at 19), arguing that the DOR's claim was fraudulently filed. (ECF No. 8 at 3). However, on February 24, 2012, the Bankruptcy Court entered an Order abstaining from all matters relating to the determination of value as to the DSOs and instructed the parties to obtain an order from state court determining all domestic support

6

arrearages due as of September 1, 2011. (ECF No. 2-2 at 82). On May 2, 2012, a duly noticed hearing was held in Case No. DR-05-2113, before the Circuit Court of the Ninth Judicial Circuit, for Orange County, Florida, at which time the state court determined that Appellant's domestic support obligations as of September 1, 2011, totaled $162,195.00 for child support and $21,000.00 for alimony. (*Id.* at 83).

"The right to the previously determined child support vests at the time the payments are due." *Puglia v. Puglia*, 600 So. 2d 484, 485 (Fla. 3d DCA 1992). In the instant case, the Ninth Judicial Circuit for Orange County determined the amount of support arrearages owed by Appellant as of the bankruptcy petition date. (ECF No. 2-2 at 85). These arrearages accrued and were due and owing during the time that Appellant's children were still minors. (*Id.*) "Support obligations accruing under a court order in a domestic case become vested rights of the payee and vested obligations of the payor which are not subject to retroactive modifications." *Puglia v. Puglia*, 600 So. 2d 484, 485 (Fla. 3d DCA 1992) (citing *Larger v. Diaz*, 595 So. 2d 1092, 1992 (Fla. 3d DCA 1992); *Onley v. Onley*, 540 So. 2d 880 (Fla. 3d DCA 1989)). Appellant appealed this final order to Florida's 5th District Court of Appeals, Case No. 5D12-992, and the 5th DCA—with the Bankruptcy Court's permission—proceeded with the appeal entering an order affirming the lower court's award of domestic support. (ECF No. 2-2 at 97). Appellant did not further appeal the order of the 5th DCA and the time do so has passed. Therefore, the state court's determination of amounts owed by the Appellant in child support and alimony were correctly allowed into Appellant's bankruptcy proceeding as claims by the DOR.

## VI. CONCLUSION

Overall, the issues Appellant presents concerning the DORs standing to bring DSO claims in his bankruptcy proceedings were fully litigated in state court and appealed to a district appellate court. Appellant also had the chance to make these same arguments in his bankruptcy case, but failed to fully do so. Appellant cannot now seek to reverse longstanding determinations that he had an opportunity to challenge earlier on in these proceedings. Additionally, the Bankruptcy Court did not err in finding that the DOR has standing to file DSO claims in Appellant's bankruptcy proceedings. Therefore, the Bankruptcy Court's decision to allow the Florida Department of Revenue to bring domestic support obligation claims in Appellant's bankruptcy proceedings is **AFFIRMED**. The Clerk

is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

      **DONE and ORDERED** in Chambers, in Miami, Florida, this 20th day of March 2015.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*
*Donald Alan Tobkin, pro se*